# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § |
| | § |
| | § **CASE NUMBER 6:23-CR-00042-JCB** |
| **v.** | § |
| | § |
| | § |
| **DOUGLAS RYAN DAHL** | § |
| | § |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On June 20, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Douglas Ryan Dahl. The government was represented by Lucas Machicek, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender

Defendant originally pled guilty to the offense of Felon in Possession of a Firearm (Count 1) and Conspiracy to Commit Mail Fraud and Wire Fraud (Count 2). Count 1 carried a statutory maximum imprisonment term of 10 years. Count 2 carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level of 15 and criminal history category of VI, was 41 to 51 months. On August 30, 2019, U.S. District Judge Lee Yeakel of the Western District of Texas sentenced Defendant to 51 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse and mental health aftercare, alcohol abstinence, submission to search, applying all monies to financial obligations, restitution, and a special assessment. On February 21, 2023, Defendant completed his period of imprisonment and began service of the supervision term.

On March 31, 2023, this case was transferred to U.S. District Judge J. Campbell Barker in the Eastern District of Texas.

Under the terms of supervised release, Defendant was prohibited from committing another federal, state, or local crime during the term of supervision. In its petition, the government alleges that Defendant violated his conditions of supervised release on March 8, 2023, when Defendant committed the offense of Fraudulent Use or Possession of Identifying Information in violation of Texas law.

If the court finds by preponderance of the evidence that Defendant violated the conditions of supervised release referenced above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the court shall revoke supervised released. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 24 months. *See* U.S.S.G. §§ 7B1.4(a), 7B1.4(b)(1).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above. In exchange, the government recommended to the court a term of imprisonment of 24 months with no supervised release to follow.

The court therefore **RECOMMENDS** that Douglas Ryan Dahl's plea of true be accepted and he be sentenced to a term of imprisonment of 24 months with no supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at USP Hazelton, WV, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 21st day of June, 2024.**

*John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE